IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Criminal Action No. 2:09CR6

SILVESTRE BRAVO CUEVAS,

    Defendant.

## REPORT AND RECOMMENDATION/OPINION

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Silvestre Bravo Cuevas, in person and by counsel, Deirdre H. Purdy, Esq., appeared before me on July 23, 2009. The Government appeared by Stephen Warner, its Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to Count One of the Indictment. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The court then asked counsel for the Government to summarize the written Plea Agreement. The Court **ORDERED** the written Plea Agreement filed.

Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath, and thereafter inquiring of Defendant concerning his understanding of his right to have an Article III Judge hear his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article

III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Silvestre Bravo Cuevas, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court.

The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made a part of the record.

The undersigned then inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned then reviewed with Defendant Count One of the Indictment, the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count One of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him

and understood the plea agreement was binding on both parties subject to its acceptance by the District Judge, and therefore understood his specific sentence would be imprisonment for a term of 96 months. Defendant also understood that the Court is not bound by the plea and sentencing agreement, and if the Court did not follow or refused to accept the sentencing provisions set forth in the agreement, Defendant would have the right to withdraw his guilty plea. If, however, the court accepted his guilty plea and the binding sentencing provisions set forth in the written agreement, Defendant would not have the right to withdraw his plea of guilty.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement dated July 17, 2009, and signed by him on July 22, 2009, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count One of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge. The undersigned would not order a presentence investigation report be prepared by the probation officer because of the specific provision in paragraph 5 of the plea agreement. The District Court would thereafter make a determination as to whether to accept or reject Defendant's plea of guilty after reviewing subject Report and Recommendation.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Court Judge rejected Defendant's plea of guilty,

Defendant would be permitted to withdraw his plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted his plea of guilty to the felony charge contained in Count One of the indictment, Defendant would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

The undersigned Magistrate Judge further examined Defendant with regard to his understanding of the impact of his waiver of his appellate rights and the waiver of his rights under 28 U.S.C. § 2255 commonly called a habeas corpus motion as contained in the written plea agreement.

Based upon which colloquy the Court determined that Defendant understood his appellate rights and rights under 28 U.S.C. § 2255 and voluntarily gave them up pursuant to the written plea agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant Count One of the Indictment, including the elements the United States would have to prove at trial, charging him with mailing a threatening communication of a United States Judge in violation of Title 18, United States Code Section 876(c).

The Court then received the testimony of FBI Special Agent James Watson. Five letters from Defendant with threats to Judges in the United States District Court for the Northern District of West Virginia were sent through the United States mail. Defendant admitted to FBI agents sending a letter dated February 21, 2009 and addressed to the Untied States District Court and sent

4

certified mail. The letter said it was to two Judges and was signed by Defendant. The letter concluded: " . . . For these reasons, you are going to get killed."

The defendant and his counsel then stated he had heard the Special Agent's testimony and had no questions. Thereupon, Defendant, with the consent of his counsel, Deirdre H. Purdy, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count One of the Indictment.

From the testimony of Special Agent James Watson, the undersigned Magistrate Judge concludes the offense charged in Count One of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Count One of the Indictment; Defendant understood the consequences of his plea of guilty, in particular the binding sentence; Defendant made a knowing and voluntary guilty plea; and Defendant's plea is supported by the testimony of Special Agent Watson.

The undersigned Magistrate Judge therefore **RECOMMENDS** Defendant's plea of guilty to the felony charge contained in Count One of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation, and that the Defendant be adjudged guilty on said charge as contained in Count One of the Indictment and have sentence imposed accordingly.

The undersigned specifically brings to the attention of the Court the language of Paragraph 5 of the plea agreement:

> "5. The parties waive the right to have a full presentence investigation made prior to sentencing and request that the court impose the sentence immediately upon the acceptance of a guilty plea."

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable John Preston Bailey, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins. 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 30th day of July, 2009.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE